[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10036
Non-Argument Calendar
_____

D.C. Docket No. 3:10-cr-00164-TJC-TEM-6


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO ALBERTO AVILA-CARRILLO,
a.k.a. Pancho,
a.k.a. Frank,
a.k.a. El Pariente,
a.k.a. Slick Rick,
a.k.a. Amigo,
a.k.a. Paco,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 6, 2013)

Before HULL, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

After pleading guilty, Francisco Alberto Avila-Carrillo appeals his 120-month sentence for conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846.  On appeal, Avila-Carrillo argues that the district court: (1) departed upward without advance notice, in violation of Federal Rule of Criminal Procedure 32(h); and (2) imposed a substantively unreasonable sentence.  After review, we disagree and affirm.

## I.  RULE 32(h) NOTICE

The district court imposed a variance, not an upward departure, and thus it did not violate Rule 32(h).[1]

Rule 32(h) requires the district court to give notice before it imposes a guidelines departure on a ground not identified in the Presentence Investigation Report ("PSI") or a party's prehearing submission.  See Fed. R. Crim. P. 32(h); see also Burns v. United States, 501 U.S. 129, 131, 111 S. Ct. 2182, 2183 (1991).  However, Rule 32(h)'s notice requirement applies only to departures under the Sentencing Guidelines, not to variances from the applicable guidelines range.  Irizarry v. United States, 553 U.S. 708, 714-16, 128 S. Ct. 2198, 2202-04 (2008).

---

[1]Because Avila-Carrillo did not object to the lack of Rule 32(h) notice in the district court, we review his claim under the plain error standard.  See United States v. Prouty, 303 F.3d 1249, 1251-52 (11th Cir. 2002).  To establish plain error, Avila-Carrillo must show (1) error, (2) that is plain, and (3) that affected his substantial rights.  See id.

2

This Court has concluded that an above-guidelines sentence involved a variance from the advisory guidelines range, rather than a departure under the guidelines, when the district court correctly calculated the guidelines range, found that the range did not adequately address all the 18 U.S.C. § 3553(a) factors and did not cite a specific departure provision. See, e.g., United States v. Kapordelis, 569 F.3d 1291, 1316 (11th Cir. 2009); United States v. Irizarry, 458 F.3d 1208, 1211-12 (11th Cir. 2006), aff'd, 553 U.S. 708, 128 S. Ct. 2198 (2008).

Here, as stated, the district court imposed a variance, not an upward departure. Specifically, before imposing the 120-month sentence, the district court calculated the advisory guidelines range of 70 to 87 months' imprisonment. After hearing argument from the parties, the district court stated that it was considering "an upward variance" and discussed the § 3553(a) factors at length. In imposing a sentence above the advisory guidelines range, the district court did not cite to any guidelines departure provision and repeatedly referred to the 120-month sentence as an upward variance. Given that the district court imposed an upward variance, it was not required by Rule 32(h) to provide Avila-Carrillo with advance notice. See Fed. R. Crim. P. 32(h); Irizarry, 553 U.S. at 715-16, 128 S. Ct. at 2203-04. Accordingly, Avila-Carrillo has not shown error, much less plain error.

3

## II. SUBSTANTIVE REASONABLENESS

We review the reasonableness of a sentence using a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). In a reasonableness review, we first look at whether the district court committed any significant procedural error and then at whether the sentence is substantively unreasonable under the totality of the circumstances and in light of the § 3553(a) factors. United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008); United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). The party challenging the sentence has the burden of establishing that the sentence is unreasonable. United States v. Turner, 626 F.3d 566, 573 (11th Cir. 2010).

Although in choosing a sentence, the district court must consider the § 3553(a) factors, the district court is not required to address each factor separately or to state that a particular factor is not applicable. United States v. Bonilla, 463 F.3d 1176, 1182 (11th Cir. 2006). Rather, an acknowledgement that the district court has considered the defendant's arguments and the factors generally will suffice. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). Moreover, the weight given to each § 3553(a) factor is "a matter committed to the sound discretion of the district court." United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007).

4

If the district court decides to impose an upward variance, "it must 'consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'"  United States v. Williams, 526 F.3d 1312, 1322 (11th Cir. 2008) (quoting Gall, 552 U.S. at 50, 128 S. Ct. at 597). In reviewing the reasonableness of a sentence outside the advisory guidelines range, we take into account the district court's justification and the extent of the variance, but we do not require extraordinary circumstances to justify such a sentence or presume that the sentence is unreasonable.  Gall, 552 U.S. at 47, 128 S. Ct. at 594-95; United States v. Irey, 612 F.3d 1160, 1186-87 (11th Cir. 2010) (en banc).  We also must give "'due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.'"  Irey, 612 F.3d at 1187 (quoting Gall, 552 S. Ct. at 51, 128 S. Ct. at 597).  We will vacate such a sentence "only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Shaw, 560 F.3d 1230, 1238 (11th Cir. 2009) (internal quotation marks omitted).

Avila-Carrillo has not shown that his above-guideline sentence is substantively unreasonable.[2]  Avila-Carrillo's contention that the district court

---

[2]Avila-Carrillo does not argue that his sentence is procedurally unreasonable.

5

failed to consider some of the § 3553(a) factors is meritless.  The district court listened to Avila-Carrillo's mitigation arguments, including his point that he had already spent thirty months in a county jail in poor conditions and that he would be ineligible for a minimum security prison or other prison benefits due to his immigration status.  In fact, the district court stated that Avila-Carrillo's pretrial detention was likely a "hard time" and made it more difficult for him to cooperate. The record also belies Avila-Carrillo's claim that the district court did not consider the fact that Avila-Carrillo was unlikely to commit further crimes.  The district court acknowledged Avila-Carrillo's low criminal history category of I, found Avila-Carrillo's statement of remorse "showed a lot of insight" and was "sincere," and concluded that "specific deterrence and protecting the public from further crimes of Mr. Carrillo is a relatively minor consideration."

Further, the district court was not required to specifically discuss each § 3553(a) factor.  See Bonilla, 463 F.3d at 1182.  In explaining the sentence, the district court stated that it had considered the § 3553(a) factors and discussed in detail a number of them, including the duration and size of the drug conspiracy, Avila-Carrillo's positive personal characteristics and sincere statement of remorse to the court, the need for the sentence to reflect the seriousness of the offense, the need to provide for general deterrence, and potential disparities between Avila-Carrillo's sentence and the sentences that several of his co-conspirators received

6

for similar or less serious conduct.  The district court's statements at sentencing were more than sufficient to show it considered the § 3553(a) factors.  See Scott, 426 F.3d at 1329.

Avila-Carrillo contends that the district court's reliance on the length and extent of his involvement in the conspiracy was "double counting" because the conspiracy was already taken into account in determining his base offense level under the guidelines.  However, the district court may consider conduct used to calculate Avila-Carrillo's advisory guidelines range in deciding whether to impose a variance in light of the § 3553(a) factors.  United States v. Amedeo, 487 F.3d 823, 833 (11th Cir. 2007).[3]  As to Avila-Carrillo's argument that the district court gave undue weight to the length and extent of the conspiracy, the district court acted within its discretion in assigning weight to each of the § 3553(a) factors.  See Clay, 483 F.3d at 743.

Finally, the district court provided a sufficiently compelling justification for the 33-month variance by explaining that despite Avila-Carrillo's positive personal characteristics, substantial assistance and "favorable guideline treatment," a longer sentence was necessary because; (1) he was "heavily involved" in a "substantial

---

[3]There is also no merit to Avila-Carrillo's claim that the district court impermissibly double counted the conspiracy by using it to set his base offense level and then to "depart upward."  As already explained, the district court did not impose an upward departure under the guidelines, but rather varied from the advisory guidelines range once it was calculated because it was inadequate in light of the § 3553(a) factors.

drug operation" and was accountable for over 150 kilograms of cocaine; (2) he was also involved in oxycodone trafficking; (3) his co-conspirators, who had been less heavily involved in the conspiracy, had been sentenced to significantly longer terms of imprisonment than Avila-Carrillo faced under the advisory guidelines range; (4) general deterrence was important in this case; and (5) the offense was extremely serious.  Accordingly, we affirm Avila-Carrillo's sentence.

**AFFIRMED.**